<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) Crim. Action No. 93-253 (GEB) |
| v. | )<br>) **MEMORANDUM OPINION** |
| THOMAS COYNE, | )<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| ACRES LAND TITLE COMPANY,<br>and its successors or assigns, | )<br>)<br>) |
| Garnishee. | ) |

**<u>BROWN, Chief Judge</u>**

      This matter comes before the Court on the motion to quash of defendant Thomas Coyne ("Defendant").[1] The Court has reviewed the parties' submissions and conducted a hearing in this matter at Defendant's request, pursuant to 28 U.S.C. § 3202. For the reasons stated in this memorandum opinion, the Court will deny Defendant's motion.

---

[1] Defendant did not formally file a motion to quash the order. Instead, he filed an affidavit in opposition to writ of garnishment and requested a hearing. The Court interpreted this filing as a motion to quash the writ of garnishment that this Court ordered the Clerk of Court to issue on March 2, 2009, and proceeded accordingly. (Doc. No. 3.)

**I.       BACKGROUND**

This matter arises as a result of a judgment of order of forfeiture against Defendant that the Court issued following the entry of Defendant's guilty plea in 1993. Defendant failed to pay the amount reflected on the judgment of order of forfeiture. In order to recover the money, the Government filed a writ of garnishment. Defendant has objected to the writ, which this Court has interpreted as a motion to quash the order pursuant to the statute. The Court herein addresses Defendant's objections. Whether interest should attach to the 1993 judgment is also at issue.

In 1993, Defendant pled guilty to a one-count Information, which charged Defendant with money laundering in violation of Title 18, United States Code, Section 1956. The Information indicated that the charge was based on the fact that Defendant purchased a boat and an automobile with proceeds obtained from the illegal distribution of Doriden and Empirim tablets. The plea agreement is set forth in a letter dated March 25, 1993, and it states that as a condition of the agreement, Defendant agreed "to forfeit to the United States $78,200 and a 1985 Mercedes 280SE, VIN number WDB1260220A98354." (Ex. A, attach. to Govt's Reply letter, July 10, 2009.)

Defendant appeared before this Court on January 10, 1993, for sentencing. On that date, this Court informed Defendant that he did not make "enough effort to turn over to U.S. authorities forfeited monies agreed to" in the Plea Agreement. Defendant requested a two month extension to comply with the forfeiture portion of the agreement, and therefore, this Court adjourned Defendant's sentencing to May 7, 1993. The Court sentenced Defendant on that date to five years probation with six months in the Community Treatment Center and six months home detention. The Court, also on that date, ordered Defendant to forfeit $78,200.00 to the U.S. Government. This amount was derived from the income Defendant earned from his illegal activities. The Court ordered that

Defendant was to return and appear before the Court on September 7, 1994, in order to advise the Court regarding the progress of payment.

This Court filed a judgment of order of forfeiture on May 24, 1993, signed by Defendant, that states

> That based upon the guilty plea entered by defendant to the Information, the United States is hereby authorized to seize and forfeit a 1985 Mercedes 280SE . . . and proceeds in the amount of seventy-eight thousand two hundred dollars ($78,200.00) and a judgment is hereby granted in favor of the United States for the proceeds and property and said amount in proceeds is due and owing to the United States, paid as set forth as follows:
>
> 1. On the date of his sentencing, defendant Thomas Coyne shall deliver to the Office of the United States Attorney, 970 Broad Street, Newark, New Jersey 07106, seventy-eight thousand two hundred dollars ($78,200.00) in the form of certified check made payable to the United States Marshal's Service.

(J. at 2; Ex. C, attach. to Govt's Reply letter.)  The parties agree that Defendant surrendered the Mercedes but to date has failed to forfeit the cash.

On February 26, 2009, the Government filed an application for writ of garnishment, to recover the $72,700.00 judgment plus interest and penalties and represented that Acres Land Title Company ("Garnishee") "is an entity which is believed to have in its custody, control, or possession, property belonging to the judgment debtor, Thomas Coyne." (Doc. No. 2 at 2.)  On September 21, 2009, the parties convened before this Court to address the Government's application and Defendant's objections.  The Court, on September 23, 2009, ordered the parties to provide further briefing regarding the attachment of interest to the judgment of forfeiture.  (Order, Sept. 23, 2009; Doc. No. 8.)  The Government submitted its brief on October 13, 2009, (Doc.No. 10), and Defendant submitted his brief on October 26, 2009, (Doc. No. 11).  Defendant thereafter requested the

opportunity to file a supplemental brief. (Doc. No. 14.) The Court granted the request, and accordingly, Defendant filed a letter on November 9, 2009. (Doc. No. 15.) The Government filed a letter in response on November 23, 2009. (Doc. No. 16.) This Court's consideration of the parties' arguments and submissions follows.

## II. DISCUSSION

### A. The Parties' Arguments

As noted, Defendant has had several opportunities to present his arguments to the Court in opposition to the Government's writ of garnishment. Defendant asserts in an affidavit that he would like "the opportunity to renew discussions with the U.S. Attorneys office." (Coyne Aff. ¶9, April 21, 2009; Doc. No. 6.) He also states that he should be permitted to negotiate the amount due; that he is entitled to a credit for property seized; that the Court should afford him "additional leniency" in light of his cooperation with the Government's investigation and in light of the fact that he "wore a wire in assisting the Government to conduct investigation;" that his "wife was half owner of the property which was sold;" and that he should be considered for a hardship exemption. (Id. at ¶¶4, 6, 7.) Defendant also had the opportunity to argue in person before the Court on September 21, 2008. The thrust of Defendant's argument on that date was that he did not know that there would be interest that would subsequently attach to the outstanding forfeiture amount, and that he had been negotiating the amount due with the Government but had not been able to reach an agreement. He repeated his argument that he wanted to reinstitute negotiations.

The Government argues that this Court has ordered Defendant both in 1993 and then again in 1999 to pay the full amount that was ordered pursuant to the judgment of forfeiture, and that

Defendant has defiantly and consistently failed to pay the money. It argues that in addition to the $72,700.00 that is outstanding, interest has accrued in the amount of $8.41 per day, totaling $123,473.48 as of February 26, 2009. The Government requests a writ of garnishment against Acres Land Title Company, 286 Essex Street, Millburn, New Jersey 07041 ("Garnishee"), "an entity which is believed to have in its custody, control, or possession, property belonging to the judgment debtor, Thomas Coyne." (Application and Order for Writ of Garnishment; Doc. No. 3.) The Government identifies the property as 940 County Road 579, Flemington, New Jersey, which was sold for $950,000.00, an amount which is currently in escrow. (Ex. F, attach. to Govt's Reply letter, July 10, 2009.) The Government argues that the Court should limit its consideration of issues that are statutorily permitted to be considered at such a hearing. See 28 U.S.C. § 3202(d).

The Government, in the additional briefing ordered by the Court, cites 28 U.S.C. §1961, "which provides for interest on a money judgment in a civil case." (Gov't Br. at 2; Doc. No. 10.) It also argues that the Court has the inherent authority to impose interest because Defendant's failure to pay the forfeiture amount should be considered contemptuous behavior. (Id. at 3.) It points out that "[i]f the Court were not to impose interest then [Defendant] would realize a substantial economic advantage as a result of 16 years of contemptuous behavior." (Id. at 4.) The Government also asserts for the first time that because it "was forced to bring an action to recover funds due and owing the United States it is entitled to a 10% assessment in addition to accrued interest," pursuant to 28 U.S.C. §3011(a). (Id. at 5.)

In response, Defendant asserts that the Government's arguments are analogies, and do not cite direct legal authority to attach interest to a judgment of forfeiture. (Def.'s Br. at 1; Doc. No. 12.) In addition, Defendant argues that "it would be unfair to impose a 10% assessment penalty" because

it "was not sought until the Court requested clarification briefs." (Id. at 4.) The remainder of Defendant's arguments reiterate those made orally before this Court.[2]

### B. Standard of Law

The Federal Debt Collection Practices Act ("FDCPA") relevantly provides that a Court has the ability to enforce a judgment, provided that notice is properly stated and served, pursuant to subsections b and c of Section 3202 of Title 28 of the United States Code. A judgment debtor may request a hearing on the issue and "may move to quash the order granting such remedy." 28 U.S.C. §3202(d). At such a hearing,

> [t]he issues . . . shall be limited --
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to --
>
> > (A) the probable validity of the claim for the debt which is merged in the judgment; and
> >
> > (B) the existence of good cause for setting aside such judgment.

Id.

---

[2] In Defendant's November 6, 2009 Supplemental Brief to the Court, Defendant essentially states that he can find no authority to support the attachment of interest. (Def.'s Supp'l Br. at 1-3; Doc. No. 15.) The Government's response argues that Defendant's Supplemental Brief "cites no new authority and confuses forfeiture authority under Title 18, United States Code, Section 982 with the right to interest on a money judgment." (Gov't Supp'l Br.; Doc. No. 16.)

The United States Code also provides that "[a] court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. §3205(a). The Code further provides, with respect to pending actions and judgments, that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "[O]nce a fine or penalty has been reduced to a judgment, it does not differ in essence from a judgment arising out of a civil proceeding." United States v. Sleight, 808 F.2d 1012, 1020 (3d Cir. 1987).

**C.     Analysis**

The language of the above-cited sections of Title 28 of the United States Code refer to "judgments," to which interest attaches pursuant to 28 U.S.C. §1961. Here, the Court signed and filed a judgment of forfeiture on May 24, 1993. It cannot be disputed that the amount Defendant has been ordered to pay in forfeiture has been reduced to a judgment. Accordingly, interest attaches from the date of the judgment, May 24, 1993, to the amount it ordered be forfeited, $72,700.00. The Government asserts that the amount of interest due is $8.41 per day, and Defendant has not opposed this calculation. Accordingly, the Court grants the writ for garnishment plus interest.

To the extent, however, that the Government in its brief raises the argument that it should be permitted to recover a 10% assessment, the Court denies the demand. This matter is before this Court as a result of the writ of garnishment filed by the Government on February 26, 2009. In that filing, the Government states that it seeks garnishment of the property held by Acres Land Title Company in the amount of $72,800.00 and interest in the amount of $123,473.48, "computed

7

through February 26, 2009." However, the Government did not demand an additional 10% assessment. Accordingly, the Court denies the belated demand.

The Court has repeatedly ordered that Defendant pay this amount, and yet he has failed to comply. Therefore, Defendant's request that he be allowed to further "negotiate" with the Government regarding how much he owes is denied.

### III. CONCLUSION

For these reasons, the Court will issue the writ of garnishment plus the requested interest and deny Defendant's motion to quash. An appropriate form of order accompanies this opinion.

Dated: January 4, 2010

                                            s/ Garrett E. Brown, Jr.
                                            GARRETT E. BROWN, JR., U.S.D.J.